[No. 1310.]
PERRY ET AL. v. LYNCH.

APPELLATE PRACTICE.
Where a jury renders a verdict in favor of plaintiff upon his unsupported testimony as against a number of witnesses for defendants, and their verdict is sustained by the trial court, the appellate court will not interfere. The court of appeals will not undertake to disagree with the jury on the question of credibility of witnesses.

*Appeal from the District Court of Lake County.*

Mr. J. W. HORNER, for appellants.

Mr. A. J. STERLING, for appellee.

THOMSON, P. J., delivered the opinion of the court.

The appellee brought suit against the appellants, alleging a contract between himself and them for the performance of work and labor by him at an agreed price. He testified to the contract, and its performance on his part, and the refusal of the defendants to pay him. The defendants in answer alleged a contract by which, in consideration of payment by them of the cost of his transportation from Denver to Leadville, and of furnishing him with his board, and with clothing suitable with his work, he was to labor on their mining claims, and receive what his work was worth, provided paying mineral should be found in the claims, and the money to pay him should be taken from them. The evidence in their behalf was in line with their answer. The jury believed the plaintiff and gave him a verdict. The defendants are here by appeal, and assign for error the insufficiency of the evidence to sustain the verdict, the admission of improper evidence for the plaintiff, the exclusion of proper evidence offered for the defendants, and the overruling of their motion for a new trial.

In relation to the evidence, the effect of the argument for the defendants is that the unsupported testimony of the plaintiff must fall before that of their array of witnesses ; but the jury seem to have thought that he told the truth, and, for aught that we know, he did. Where the question of the credibility of witnesses is involved, we never undertake to disagree with the jury.

The assignment of errors does not direct our attention to the evidence received which counsel thinks improper, or to that excluded which he regards as proper. The allegation of error, in these particulars, is too general to require notice ; but upon an examination of the bill of exceptions we find no erroneous ruling by which the defendants could have been in any way prejudiced.

The grounds of the motion for a new trial were the admission and rejection of evidence, and the insufficiency of the evidence to support the verdict. The court decided that it had committed no error in receiving and refusing evidence,

and we agree with it. It also held that the evidence was sufficient to support the verdict. Upon that point it could form a much more intelligent opinion than we can, and it would be a considerable stretch of assumption for us to say that the court was wrong.

Let the judgment be affirmed.

*Affirmed.*